1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| **GLENN W. BEVER, KAREN L. BEVER,** | 1:16-cv-0079-AWI-BAM |
| Plaintiffs, | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| **QUALITY LOAN SERVICE CORPORATION; CITIMORTGAGE, INC.; DOES 1-10, Inclusive,** | **ORDER GRANTING MOTION TO SET ASIDE DEFAULT OF QUALITY LOAN SERVICE CORPORATION** |
| Defendants. | **ORDER GRANTING CITIMORTGAGE'S MOTION TO DISMISS WITH PREJUDICE** |
| _____/ | (Docs. 16, 22, and 23) |

19

**I. Introduction**

20    On January 19, 2016, Plaintiffs Glenn and Karen Bever brought suit against Defendants

21   Quality Loan Service Corporation ("Quality") and CitiMortgage, Inc. ("Citi"), alleging that

22   Defendants debt collection activities violated the Fair Debt Collection Practices Act ("FDCPA"),

23   15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"),

24   Cal. Civ. Code § 1788 *et seq.*, and seeking a judicial declaration that Defendants have no

25   enforceable interest in the real property located at 446 West Tenaya Avenue, Clovis, CA 93612

26   ("Tenaya Property"). Quality did not file a responsive pleading in the time provided by the

27   Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(a). As a result, the Clerk of the Court

28   entered default. Doc. 24. Plaintiffs now move for default judgment against Quality. Doc. 22.

1

1  Quality asks the Court to set aside the default. Doc. 23. In the interest of judicial efficiency, the

2  Court addresses both motions here.

## II. Background

4       Plaintiffs claim to be fee simple owners of the Tenaya Property. Complaint at ¶ 1.

5  Plaintiffs allege that they refinanced the property on June 4, 2003, with First Pacific Financial,

6  Inc. ("First Pacific") as lender. Complaint at ¶ 7. On May 6, 2004, Plaintiffs sent a notice of

7  rescission to the First Pacific, *see* 15 U.S.C. § 1635, purporting to "void[] the [promissory] note

8  and deed of trust" and require First Pacific to "cancel the [promissory] note, release the deed of

9  trust, and credit any and all payments, fees, and charges associated with the transaction to

10 Plaintiffs' account." Complaint at ¶ 8. First Pacific is alleged to have taken no action in response.

11 Complaint at ¶ 9.

12      After the purported rescission, First Pacific "is alleged to have sold the note and deed of

13 trust." Complaint at ¶ 10. Citi is now the assignee and loan servicer. Complaint at ¶ 10. Plaintiffs

14 allege that Quality and Citi as trustee and assignee, respectively, of the deed of trust, have

15 "threatened to take actions against Plaintiffs that cannot be legally taken." Complaint at ¶¶ 11-

16 12. Plaintiffs further allege that both Citi and Quality have "misrepresented the character and

17 status of the debt by causing to notice, serve, post, and publish a notice of trustee's sale of the

18 Tenaya Property." Complaint at ¶¶ 11-12.

19      Plaintiffs filed their complaint on January 19, 2016.  They served the summons and

20 complaint on both Defendants on January 25, 2016. *See* Docs. 18, 20.

21      Quality did not file any document in this matter until March 2, 2016, when it filed a

22 motion to set aside default.

## III. Legal Standard

24      Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for

25 a default judgment against a defendant that has failed to plead or otherwise defend against the

26 action.  Fed. R. Civ. P. 55(b)(2). Determining whether to enter default judgment falls to the

27 discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising

28 that discretion the court may consider:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

On the opposite side of the coin, a party seeking to set aside entry of default by the clerk of the court must show good cause. Fed. R. Civ. P. 55(c). In determining whether good cause to set aside a default exits the trial court should consider: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984); *accord Franchise Holding II, LLC. V. Huntington Restaurants Grp., Inc.*, 374 F.3d 922, 925-926 (9th Cir. 2004). Although the same test is applied in setting aside a default judgement under Rule 60(b), "the test is more liberally applied in the Rule 55(c) context." *Joe Hand Promotions*, *Inc. v. Williams*, 2015 WL 5923611, *2 (E.D. Cal. Oct. 9, 2015) (citation omitted).

In considering either motion, a trial court should be guided by the principal that default judgment "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

## IV. Discussion

A. Motion for Default Judgment - The Eitel Factors

Having considered the *Eitel* factors as discussed below, the Court finds that default judgment is inappropriate as to Plaintiff's claims and that default should be set aside. Because the second and third *Eitel* factors require the Court to consider whether Plaintiff can state a claim, and because the Court concludes that Plaintiff cannot state a claim and that any amendment would be futile, this action will be dismissed with prejudice.

**1.      Possibility of Prejudice to Plaintiff**

The first factor requires that the Court consider whether the plaintiff would suffer prejudice if default judgment is not entered.  *See PepsiCo, Inc*., 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, Plaintiffs would not suffer prejudice if the Court did not enter a default judgment. Quality has indicated its interest in being an active participant in this litigation. Absent

1  entry of a default judgment, Plaintiffs would be able to litigate this matter.  Accordingly, the first

2  *Eitel* factor militates against entry of default judgment.

3  **2.      Substantive Merits and the Sufficiency of the Complaint**

4          The Court considers the merits of Plaintiff's substantive claims and the sufficiency of the

5  complaint together because of the relatedness of the two inquiries. Together, those factors

6  require that a plaintiff "state a claim on which relief may be granted." *Warner Bros. Home*

7  *Entertainment Inc. v. FilmAndMusicUSA, LLC*, 2013 WL 4478956 (C.D. Cal. Aug. 20, 2013)

8  (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Because of the interrelated

9  nature of this determination and Citi's motion to dismiss, the Court considers both now.

10         a. Legal Standard

11         A claim may be dismissed where a plaintiff fails "to state a claim upon which relief can

12  be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack

13  of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal

14  theory.  *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v.*

15  *Block*, 250 F.3d 729, 732 (9th Cir. 2001).

16         In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as

17  true and construed in the light most favorable to the non-moving party.  *Mollett v. Netflix, Inc.*,

18  795 F.3d 1062, 1065 (9th Cir. 2015); *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th

19  Cir. 2008).  However, the Court is not required "to accept as true allegations that are merely

20  conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec.*

21  *Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979,

22  988 (9th Cir. 2001).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient

23  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

24  *Iqbal*, 556 U.S. 662, 278 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

25         A "district court should grant leave to amend even if no request to amend the pleading

26  was made, unless it determines that the pleading could not possibly be cured by the allegation of

27  other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words,

28  leave to amend should be granted unless amendment would be futile.  *Gompper v. VISX*, Inc.,

4

1   298 F.3d 893, 898 (9th Cir. 2002); *see Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013)

2   (requiring that "leave to amend … be granted with extreme liberality") (internal quotation marks

3   omitted).

4         b. Analysis

5         As discussed below, the Court (1) has seriously reservations about the timeliness of

6   Plaintiffs' claims and (2) finds that Plaintiffs claims are precluded.

7         All three of Plaintiffs' claims rest on the allegation that Defendants do not have standing

8   to foreclose on the Tenaya Property. Plaintiffs raised and this Court rejected similar arguments

9   regarding the same loan in *Bever v. Cal-Western Reconveyance Corp.*, Case No. 1:11-cv-1584-

10   AWI-SKO. In the present action, Plaintiffs contend that a year after consummation of the loan

11   and deed of trust transaction by First Pacific, Plaintiffs rescinded the loan. The Truth In Lending

12   Act ("TILA") provides a borrower the right to rescind a loan by providing written notice within

13   three business days of a borrower's receipt of required disclosures and forms. 15 U.S.C. §

14   1635(a). If the required disclosures are never given then a borrower has three years to rescind.

15   15 U.S.C. § 1635(a). The Supreme Court recently clarified in *Jesinoski* the three year period

16   after consummation of the loan is the length of time a borrower has to give *notice* to a lender of

17   its exercise of its right to rescind. *See Jesinoki v. Countrywide Home Loans*, 135 S.Ct. 790, 792-

18   793 (2015). *Jesinoski* does not speak to the limitations period for a borrower to seek relief under

19   TILA.

20         In this instance, Plaintiffs allege no facts that would tend to indicate that First Pacific

21   failed to provide the required disclosures or forms. Assuming Plaintiffs' notice was filed, it

22   appears to have been untimely. Even assuming that Plaintiffs' notice of rescission was filed and

23   that it was timely, Plaintiffs do not explain the substantial delay—between May 6, 2004 and

24   January 19, 2016—in bringing their rescission claim before the Court.

25         Further, even if Plaintiffs' TILA rescission claim were timely, a right of rescission does

26   not attach to residential mortgage transactions. 15 U.S.C. § 1635(e)(1); *see Major v.*

27   *Imortgage.com, Inc.*, 2016 WL 492740, *4 (C.D. Cal. Feb. 8, 2016) (citing *Gonzalez v. GMAC*

28   *Mortg. LLC*, 2010 WL 3245818, at *3 (C.D. Cal. Aug. 17, 2010) ("Plaintiffs allege that the loan

1   at issue was used to finance the acquisition of their home. Accordingly, the Court concludes the

2   that the mortgage transaction at issue in this case was a residential mortgage transaction within

3   the meaning of 15 U.S.C. § 1602(w), and thus Plaintiffs have no right to rescind under TILA.")).

4        Most significantly, as Citi points out, *see* Doc. 16 at 10, this Court has already entered a

5   judgment against Glenn Bever regarding the ownership interest Citi and foreclosure authority of

6   Citi and the former trustee. *See Bever v. Cal-Western Reconveyance,* Case No. 11-cv-1584 at

7   Doc. 156. Because Plaintiff's present challenges are all premised upon a TILA rescission claim,

8   and because the prior judgment was issued by this Court, the Court applies federal claim

9   preclusion rules.[1] *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) *cf Brodheim v. Cry*, 584 F.3d

10  1262, 1268 (9th Cir. 2009) (finding that the district court erroneously applied federal

11  "transactional nucleus of facts" standard which is "used to analyze the preclusive effect of prior

12  federal court judgments.") Claim preclusion applies where there is "(1) identity of claims, (2) a

13  final judgment on the merits, and (3) identity or privity between the parties." *Owens v. Kaiser*

14  *Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). As to the first consideration,

15  the court should determine whether the two suits arise out of the "same transactional nucleus of

16  facts." *Owens*, 244 F3d at 714. Stated another way, there is sufficient identity of claims if the

17  present claim "could have been brought in the first action." *United States v. Liquidators of*

18  *European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) *accord Cell Therapeutics, Inc.*

19  *v. Lash Group, Inc.*, 586, F.3d 1212 (9th Cir. 2009).  It appears that Plaintiffs could have raised

20  this claim in the prior action. The prior action dealt with the same loan and addressed the

21  lender's authority to foreclose on the Tenaya Property. Whether the loan had been rescinded

22  prior to Citi's attempted foreclosure upon the property would naturally have fallen within the

23  scope of that action.[2]

24

25  _____

[1] The predominant difference between California and Federal claims preclusion rules is that "federal courts apply a
26  'transactional nucleus of facts' test, [whereas] California courts employ the 'primary rights' theory to determine
    what constitutes the same cause of action…." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009).
27  [2] The Court agrees with Citi that because the assignment of the deed of trust was the basis of Plaintiffs' prior action,
    their allegation that they could not have previously asserted their claims against Citi is false. Furthermore, the
28  underlying basis for the claims in the present action—the cancelation of the note—allegedly took place in May of
    2004, approximately seven years before initiation of the previous suit. *See* Complaint at ¶ 8.

1    Next, "[a] judgment issued by a federal court is final for purposes of res judicata" unless

2  "reversed on appeal, [or] modified or set aside in the court of rendition." *Susilo v. Robertson*,

3  2013 WL 989959, * 4 (C.D. Cal. Mar. 11, 2013) (citing, *inter alia*, *Stoll v. Gottlieb*, 305 U.S.

4  165, 170 (1938)) (internal quotation marks omitted); *accord Tripati v. Henman*, 857 F.2d 1366,

5  1367 (9th Cir. 1988); *see Singh v. United States*, 2015 WL 5817791, *3 (E.D. Cal. Sept. 30,

6  2015) (applying res judicata to a new set of claims although the judgment of the prior action was

7  on appeal). This Court issued judgment in Plaintiffs' prior action. *Bever v. Cal-Western*

8  *Reconveyance Corp.*, 11-cv-1584 at Doc. 157. The fact that the judgment is now on appeal

9  before the Ninth Circuit Court of Appeal does not impact the finality of that judgment.

10    Finally, the parties to the present action were the same as or in privity with the parties in

11  the prior action. Citi and Glenn Bever were both parties to the prior action. *See Bever v. Cal-*

12  *Western Reconveyance, Corp.*, 11-cv-1584 at Doc. 156; *see Sharp v. Deutsche Bank National*

13  *Trust Company*, 623 Fed.Appx.425, 426 (9th Cir. 2015) (holding that spouses are in privity at to

14  litigation regarding jointly held property) (citation omitted). As the Court explained, the former

15  trustee had no independent right or interest in the real property. *Bever v. Cal Western*

16  *Reconveyance Corp.*, 11-cv-1584, Doc. 157 at 17 (citing, *inter alia*, *Duenas v. Ocwen Loan*

17  *Serv'g, Inc.*, 2014 WL 4627203, *15 (E.D. Cal. Sept. 16, 2014). Quality and the prior trustee, in

18  their roles as trustee, only have a right to foreclose insofar as Citi has a right to foreclose. For

19  purposes of this action, the validity of the note and deed of trust impacts all of the Defendants

20  equally. The parties have shared identity or privity sufficient to apply claim preclusion.

21    In summary, Plaintiffs cannot state a claim upon which relief can be granted against

22  either named defendant. Because Plaintiffs' claim is precluded and because their claim is tied to

23  a residential mortgage to which TILA rescission does not apply, amendment would be futile.

24  Citi's motion to dismiss will be granted. Also, that Plaintiffs cannot state a claim weighs against

25  entering default judgment. *See Danning*, 572 F.2d at 1388; *PepsiCo, Inc.,* 238 F. Supp. 2d at

26  1175.

27  ///

28  ///

1 **3.      The Sum of Money at Stake in the Action**

2          Under the fourth factor, "the court must consider the amount of money at stake in relation

3 to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also*

4 *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003). Where

5 a large sum of money is involved, entry of default judgment is disfavored. *Chanel, Inc. v.*

6 *Gupton*, 2015 WL 1094849 (N.D. Cal. Mar. 2, 2015) (citing, *inter alia*, *Eitel*, 782 F.2d at 1472).

7 Here, Plaintiffs seek statutory damages in the amount of $1,000.00, fees and costs in the amount

8 of $940.00, and a declaration that Defendants have no interest in the Tenaya Property.[3]

9 Although Plaintiffs do not seek a large sum of money, granting Plaintiffs a judgment declaring

10 that Defendants have no interest in the property and not requiring Plaintiffs to make any further

11 payments on the loan would result in a windfall. Especially when viewed through the lens of the

12 questionable merit of this action, the amount of money sought in this action is substantially

13 disproportionate to the alleged misconduct. This factor weighs against entry of default judgment.

14 **4.      The Possibility of a Dispute Concerning Material Facts**

15          It is very likely that the material facts in this case will be disputed. Although Plaintiffs

16 litigated a similar action regarding the same loan, no mention of a "notice of rescission" was

17 previously made. Defendant Citi, although it accepts the facts of the complaint in its motion

18 pursuant to Rule 12(b)(6), appears to suggest that a notice of rescission letter was never sent and

19 that Plaintiff's present action is an additional delay tactic designed to "hinder Citi's ability to

20 liquidate the [Tenaya] Property as expressly authorized by the Deed of Trust." Doc. 16 at 9.

21          This factor weighs against entry of default judgment.

22 **5.      Whether the Default Was Due to Excusable Neglect**

23          Upon review of the record before the Court, the Court finds that the default was the result

24 of excusable neglect.  *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177.  Plaintiffs served Defendants

25 with the summons and complaint on January 25, 2016. Doc. 18. At that point, the summons and

26 complaint were forwarded to the Quality legal department where the legal assistant scanned and

27

28 [3] Although, there has been no evidence presented in this action of the remaining balance of the loan against the
Tenaya Property, the original loan amount was $211,850.00. *See* Doc. 12-1 at 3.

1   attempted to email those documents. Decl. of Julie Molteni, Doc. 23-2 at ¶ 6. The email failed to

2   send. *Id*. On February 29, 2016, Corporate Counsel for Quality received Plaintiff's request for

3   entry of default. *Id*. at ¶ 5. Three days later she filed a motion to set aside default. Doc. 23.

4         Thus, the record suggests that Defendants' failure to respond resulted from excusable

5   neglect.  Accordingly, this *Eitel* factor weighs against entry of a default judgment.

6   **6.        The Strong Policy Favoring Decisions on the Merits**

7         "Cases should be decided upon their merits whenever reasonably possible."  *Eitel*, 782

8   F.2d at 1472.  Because Quality has shown an interest in being party to this action, this case can

9   be decided on its merits.  This factor weighs against entry of default judgment.

10  **7.        Conclusion**

11        Upon consideration of the *Eitel* factors, the Court concludes that Plaintiffs have failed to

12  establish the merits of any alleged cause of action as would be required for entry of default

13  judgment against Quality. *See Federal Nat. Mortg. Ass'n v. George*, 2015 WL 4127958, *3

14  (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of

15  the complaint are often treated by courts as the most important *Eitel* factors.") (citation omitted).

16  Moreover, the remaining *Eitel* factors weigh in favor of denying entry of default judgment.

17  Accordingly, this Court will deny Plaintiff's motion for entry of default judgment.

18  B. Motion to Set Aside Default

19        The three considerations for whether default should be set aside—(1) whether the

20  plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether

21  culpable conduct of the defendant led to the default—parallel *Eitel* factors one, two, three, and

22  six. Because the Court has already determined that Plaintiffs will not be prejudiced if default is

23  set aside, that Defendants have a complete and meritorious defense, and that Quality's default

24  was a product of excusable neglect, the Court will grant Quality's motion to set aside default.

25  C. Motion to Dismiss

26        As discussed in *Section IV(A)(2)(b), supra*, Plaintiffs fail to state a claim. Their failure

27  cannot be cured through amendment. This action will be dismissed with prejudice.

28  ///

**V. Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for default judgment is DENIED;

2. Quality's motion to set aside default is GRANTED;

3. Citi's motion to dismiss with prejudice is GRANTED. This action is dismissed in its entirety.

The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated:   March 30, 2016

_____
SENIOR  DISTRICT  JUDGE

10